## HOPKINS v. LEACH.

(Supreme Court, Appellate Division, Third Department. March 11, 1908.)

1. TAXATION—ASSESSMENT—ERROR IN ASSESSING PROPERTY—LIABILITY OF ASSESSOR.

   Where an assessor, with jurisdiction of the property and of the person of a resident, assessed certain dogs in his name, notwithstanding his assertion that they did not belong to him, but had been sold and delivered, and the tax was paid, the assessor was not personally liable for the amount so paid, though the assessment was erroneous, since he was not

bound to accept the person's assertions as to the ownership of the dogs, but might act upon his own conclusions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 540.]

2. SAME—REMEDY OF PERSON ERRONEOUSLY ASSESSED—CERTIORARI.

Where a resident has paid a tax levied against him on an erroneous assessment of property which did not belong to him, his remedy to recover the amount paid is by certiorari.

Appeal from Madison County Court.

Action by Lewis E. Hopkins against H. Burdette Leach. Judgment for defendant, and plaintiff appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John A. Johnson, for appellant.
Joseph D. Senn, for respondent.

SMITH, P. J. In Justice's Court the plaintiff recovered a judgment against the defendant, who was one of three assessors in the town of Eaton, for a malicious assessment. When the defendant went to the plaintiff to ascertain his property, plaintiff had some young pups, which he claims he told the defendant had been sold, and afterwards informed the defendant that they had been sold and were gone. The plaintiff was, nevertheless, assessed thereupon, and paid the tax, and now sues defendant to recover the amount paid.

This defendant had jurisdiction of the property and of the person of the plaintiff. He was not bound to accept the statement of the plaintiff that the pups had been sold. With jurisdiction of the property and of the person, he is not liable to the plaintiff for an error in the conclusion that plaintiff was the owner of the property at the time the assessment was completed. The plaintiff's remedy was by certiorari. This is a rule laid down explicitly in Robinson v. Rowland, 26 Hun, 501, and is not questioned in any other cases. The authorities referred to, which hold the assessor liable, are all authorities in cases where the assessor has not obtained jurisdiction of the person or property, or has acted contrary to the requirements of the law in making up the assessment roll. We are unable to see how the defendant can in any event be liable to this plaintiff under the circumstances disclosed, and I therefore am of opinion that a new trial is not called for.

Judgment should be modified, by striking out the provision granting a new trial, and, as thus modified, affirmed, with costs to respondent.

Judgment modified, by striking out the provisions granting a new trial, and, as thus modified, affirmed, with costs to respondent. All concur.